UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLENE K. CORCORAN, CHAPTER 7
TRUSTEE,                                                    Case No. 09-12180

       Appellant,                                         Honorable Nancy G. Edmunds

v.

JASON AND SARAH PUBLOW,

       Appellees.
_____/

**OPINION AND ORDER AFFIRMING BANKRUPTCY JUDGE'S MAY 20, 2009 ORDER OVERRULING THE TRUSTEE'S OBJECTION TO DEBTORS' AMENDED EXEMPTIONS**

     This is an appeal from a May 20, 2009 order issued by the Bankruptcy Court in a Chapter 7 bankruptcy adversary proceeding brought by Appellant Collene K. Corcoran, Chapter 7 Trustee ("Trustee"), against Jason and Sarah Publow ("Debtors"). The Bankruptcy Court's order overruled the Trustee's objections to the Debtors' amended exemptions, ordered that the Debtors' amended exemptions for their 2008 tax refunds pursuant to 11 U.S.C. § 522(d)(5) be allowed, and further ordered that the Trustee release and pay over to the Debtors the $8,286 in tax refunds that she had received from the United States Treasury/Internal Revenue Service and/or the State of Michigan. The Bankruptcy Court found that the Debtors did not act in bad faith or intentionally conceal their anticipated 2008 tax refunds. The Trustee appeals, arguing that the Bankruptcy Court erred. For the reasons stated below, this Court concludes that the Bankruptcy Court did not err, and AFFIRMS its May 20, 2009 order.

## I. Jurisdiction

Appellate jurisdiction is conferred on this Court by 11 U.S.C. § 158(a)(1) which states, "[t]he district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . of bankruptcy judges entered in cases and proceedings referred to bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

## II. Appellate Standard of Review

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *Westbanco Bank Barnesville v. Rafoth (In re Baker & Getty Fin. Servs., Inc.)*, 106 F.3d 1255, 1259 (6th Cir. 1997). "*De novo* means that the appellate court determines the law independently of the trial court's determination." *Meyers v. IRS (In re Meyers)*, 216 B.R. 402, 403 (B.A.P. 6th Cir. 1998) (internal quotation marks and citation omitted). "A finding of fact is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. Mathews (In re Mathews)*, 209 B.R. 218, 219 (B.A.P. 6th Cir. 1997) (internal quotation marks and citation omitted).

## III. Facts

Facing foreclosure, the Debtors first consulted with their attorney regarding bankruptcy on October 6, 2008. On October 14, 2008, Debtors' Chapter 7 Petition was filed. Because Debtors and their counsel were still unsure whether Debtors would have to surrender their home, their counsel filed a minimal Petition under Chapter 7. During this same time period, Debtors' counsel's former firm announced that it was closing. On October 9, 2008, the

former managing partner announced that the firm's doors would be shut in seven business days; October 17, 2008.  Debtors' counsel was laid off as of October 17, 2008, and despite unexpectedly and involuntarily being forced to establish a solo practice with no support staff, he continued to serve as counsel for Debtors.  On October 29, 2008, Debtors' counsel completed the Debtors' Petition, filing the initial schedules and other supporting documentation.  Debtors' schedules, as originally filed, did not indicate that a 2008 tax refund was anticipated.

The Debtors' first meeting of creditors was initially scheduled for November 17, 2008, but was adjourned to December 15, 2008, so that one of the Debtors, Mr. Publow, could obtain medical treatment at the Mayo Clinic.

On December 8, 2008, Debtors' counsel provided the Trustee with documents, including the Debtors' 2006 and 2007 tax returns.

On December 15, 2008, the first meeting of creditors was held.  The Trustee did not ask about anticipated tax refunds for 2008, and the Debtors did not disclose any at that time.

On January 16, 2009, the Trustee filed an interim report with the Court indicating that there was a 2008 tax refund that was not scheduled.

After reviewing the Debtors' 2007 tax return and observing that Debtors had received a $8,442 tax refund that year from the federal government, the Trustee sent a request to the Internal Revenue Service to submit Debtors' 2008 tax refund to the bankruptcy estate because it was not listed or exempted by the Debtors.  As a result, the IRS placed a hold on the refund and did not send it to the Debtors after they filed their 2008 tax return.

On April 1, 2009, when the Debtors learned about the Trustee's actions, they filed their amended Schedules B and C, disclosing and exempting their 2008 tax refunds. Debtors also sent copies of their 2008 tax returns to the Trustee on April 2, 2009.

On April 7, 2009, the Trustee filed an objection to the Debtors' amended exemptions.

On April 20, 2009, the Trustee received the Debtors' 2008 federal tax refund from the United States Treasury in the amount of $8,286.

On April 27, 2009, the Trustee filed a notice of receipt of those tax refund assets and a notice to Creditors to file claims.

On May 20, 2009, the Trustee's objection came before the Bankruptcy Court. The Bankruptcy Court determined that the matter was governed by *Lucias v. McLemore*, 741 F.2d 125 (6th Cir. 1984), which observed that, absent bad faith or intentional concealment, amendments to bankruptcy schedules are freely granted because this advances a policy goal of encouraging debtors to disclose assets when they learn of them. The Bankruptcy Court further observed that the asset at issue here is a tax refund and many debtors are unaware that an anticipated tax refund is an asset that must be listed. (5/20/09 Hrg. Tr. at 12.) It then made the following factual findings. There was no showing of bad faith or that the Debtors intended to conceal their 2008 anticipated tax refund assets. (*Id.* at 13.) Rather, unusual circumstances existed that contributed to the Debtors' delayed amendment disclosing and listing their 2008 tax refunds. The Debtors had retained a firm that closed its doors shortly after retention. Their counsel, a former attorney at the now-defunct firm, decided to represent them as best as he could amidst the confusion of being thrust into the position of establishing a solo practice with no support staff. The Debtors' counsel accepted responsibility for not listing the 2008 tax refunds earlier. Applying the law to these

4

facts, the Bankruptcy Court overruled the Trustee's objection and let the Debtors' exemption of the 2008 tax refunds stand. (*Id.*)

On May 20, 2009, after the hearing on the Trustee's objection to the Debtors' amendment of exemptions, the Trustee filed a "Trustee's Report of Undisclosed Asset" listing the 2008 tax refunds.

The Trustee then filed a timely appeal.

### IV. Analysis

On appeal, the Trustee argues that the Debtors' bad faith or intentional concealment of their anticipated 2008 tax refunds can be inferred under the facts presented here. This Court disagrees. The Bankruptcy Court's findings of fact were not clearly erroneous, and it did not err in its application of the law to those facts.

The leading Sixth Circuit decision addressing the issue central to this appeal is the one identified by the Bankruptcy Court; *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984). In *Lucius*, the Sixth Circuit reversed a district court decision rejecting as untimely a debtor's proposed amendment of a schedule of exemptions to add two vehicles. The court observed that "Rule 110 of the old Federal Rules of Bankruptcy Procedure, in effect when [the *Lucius*] case was heard, provided, 'A voluntary petition, schedule, or statement of affairs <u>may be amended as a matter of course at any time before the case is closed.</u>'" *Lucius*, 741 F.2d at 126 (quoting Fed. R. Bankr. P. 110) (emphasis added). It then observed that "Rule 110 has been adopted without substantive change as Rule 1009 of the (new) Federal Rules of Bankruptcy Procedure, effective August 1, 1983." From this readoption and the Advisory Committee Note to Rule 1009, the *Lucius* court reasoned that "Rule 1009 reaffirms the legislative intent to allow amendment as a matter of course for

schedules, including lists of exempt property." *Id.* at 126-27. The Sixth Circuit acknowledged that "[t]his 'permissive approach,' allowing amendment at any time before the case is closed and denying courts discretion to reject amendments, has been endorsed in several circuits." *Id.* at 127 (citing cases from the Third, Fourth, Ninth and Eleventh Circuit Courts of Appeal). Finally, it observed that, although the Rule liberally allows amendments any time before the case closes, "Courts may still refuse to allow an amendment where the debtor has acted in bad faith or where the property has been concealed." *Id.* at 127. Thus, the prevailing rule in the Sixth Circuit is that "a debtor may amend his or her petition schedules at any time before the case is closed, . . . unless the debtor has acted in bad faith or where the property has been concealed." *In re Iwasko*, No. 05-83036, 2006 WL 2855040, *2 (Bankr. E.D. Mich. Oct. 4, 2006). *Accord, In re Larouche*, 409 B.R. 862, 864 (Bankr. E.D. Mich. 2009) (making the same observation and allowing amendment exempting a tax refund); *In re Thomasma*, 399 B.R. 20, 22-24 (Bankr. W.D. Mich. 2008) (making the same observation and rejecting an argument by the Trustee that an amendment exempting a tax refund should be disallowed solely for being untimely).

Following *Lucius*, the Bankruptcy Court here properly considered whether the Debtors' amendment should be disallowed because they had acted in bad faith or had intentionally concealed their anticipated 2008 tax refunds. "[B]ad faith is determined by an examination of the totality of the circumstances. Mere allegations of bad faith will not suffice; the objecting party must demonstrate the bad faith of the debtor by specific evidence." *In re Colvin*, 288 B.R. 477, 481-82 (Bankr. E.D. Mich. 2003) (citations omitted). Examining the unusual and chaotic circumstances surrounding the Debtors' Chapter 7 bankruptcy filing, the Bankruptcy Court found that the Trustee had not provided evidence that the Debtors'

delay in amending their schedules and listing their anticipated 2008 tax refunds as exempt was the result of their bad faith or their intent to conceal the anticipated 2008 tax refunds. Unlike the circumstances present in *In re Opra*, 365 B.R. 728 (Bankr. E.D. Mich. 2007), where the Trustee established, by a preponderance of the evidence, that the debtor intentionally concealed her personal injury claim arising out of an earlier motorcycle accident, there was no evidence presented here that the Debtors intentionally concealed their anticipated 2008 tax refunds. Accordingly, this Court concludes that the Bankruptcy Court's factual findings that there was an absence of bad faith or intentional concealment on the part of Debtors were not clearly erroneous.

Furthermore, this Court rejects the Trustee's argument that it and the Creditors were unfairly prejudiced by the Debtors' amendment. As permitted under the Bankruptcy Rules and *Lucius*, the Debtors amended their schedules to include their anticipated 2008 tax refunds <u>before</u> the Trustee collected any tax refunds and <u>before</u> the Trustee filed a notice of those assets and notified the creditors to file claims. Accordingly, under these facts, neither the Trustee nor the Creditors were prejudiced by the Debtors' amendment of their schedules listing anticipated 2008 tax refunds as exempt; assets that are exempt in the first instance.

**V.     Conclusion**

For the foregoing reasons, the Bankruptcy Court's May 20, 2009 order is AFFIRMED, and the Appellant's appeal is DISMISSED.


                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated:  October 15, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 15, 2009, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer
                    Case Manager